UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DYNATEC DRILLING, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br> v.<br><br>DUNCAN PARK HOLDINGS NEVADA, LTD., a Nevada corporation; DUNCAN PARK HOLDINGS CORPORATION, a Canadian Corporation; DUNCAN PARK HOLDINGS, LTD., an unknown entity; DON DUNCAN, an individual,<br><br>        Defendants. | 03:05-CV-00266-LRH-VPC<br><br>ORDER |

Presently before the court is Dynatec Drilling, Inc.'s ("Dynatec") Motion for Summary Judgment (# 36[1]) and Memorandum (# 37) in support thereof. Duncan Park Holdings Nevada, LTD. ("Duncan Park") has filed an opposition (# 40), and Dynatec replied (# 43).

**I. Factual Background**

The basic factual background of this action is largely undisputed. Duncan Park is in the business of exploration and mining of minerals. Dynatec conducts drilling and related services. On April 10, 2004, Duncan Park entered into an agreement with Dynatec by which Dynatec agreed

---

[1] Refers to the court's docket number.

1  to perform drilling services near Battle Mountain, Nevada.  Dynatec began drilling on May 14,
2  2006, and completed its drilling services on August 31, 2004.  During this time, Dynatec drilled
3  five holes designated as P1, P2, P3, P4, and P5.

4  Dynatec issued bi-monthly invoices to Duncan Park during the course of the project.
5  Duncan Park made several payments during the project.  The last payment made by Duncan Park
6  occurred on July 30, 2004.  The payments made by Duncan Park paid for all work done on holes
7  P1, P2, and the first five days of drilling on hole P3.  After July 30, 2004, Dynatec issued several
8  invoices, but received no payments from Duncan Park.  In total, Dynatec issued unpaid invoices in
9  the amount of $285,341.68.

10  As a result of Duncan Park's nonpayment, Dynatec filed this action asserting causes of
11  action for breach of contract and unjust enrichment.  Duncan Park filed a counterclaim against
12  Dynatec asserting causes of action for breach of contract, breach of the covenant of good faith and
13  fair dealing, and unjust enrichment.  In its counterclaim, Duncan Park claims that Dynatec breached
14  the contract by failing to perform up to the standards of its industry.

15  **II.  Legal Standard**

16  Summary judgment is appropriate only when "the pleadings, depositions, answers to
17  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
18  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
19  law."  Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together
20  with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable
21  to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
22  587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

23  The moving party bears the burden of informing the court of the basis for its motion, along
24  with evidence showing the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*,
25  477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party
26

1  must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could
2  find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
3  1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001). For those
4  issues where the moving party will not have the burden of proof at trial, the movant must point out
5  to the court "that there is an absence of evidence to support the nonmoving party's case." *Catrett*,
6  477 U.S. at 325.

7  In order to successfully rebut a motion for summary judgment, the non-moving party must
8  point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*
9  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might
10 affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
11 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary
12 judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute
13 regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could
14 return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a
15 scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine
16 dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at
17 252.

18 **III. Discussion**

19 Dynatec seeks summary judgment arguing that the voluntary payment doctrine precludes
20 Duncan Park from contesting charges that it has already paid. Duncan Park, in opposition, argues
21 that the voluntary payment doctrine is inapplicable under the facts of this case.

22 "The rule is well settled that money voluntarily paid, with full knowledge of all the facts,
23 although no obligation to make such payment existed, cannot be recovered back." *Randall v. Lyon*
24 *Co.*, 14 P. 583, 584 (Nev. 1887); *Putnam v. Time Warner Cable of Southeastern Wisconsin,*
25 *Limited Partnership*, 649 N.W.2d 626, 632 (Wis. 2002) ("The voluntary payment doctrine provides

26

that 'as between [person] and [person], money paid voluntarily, with knowledge of all the facts, and without fraud or duress, cannot be recovered merely on account of ignorance or mistake of the law.'").

Looking at the evidence in the light most favorable to Duncan Park, the court finds that summary judgment is not appropriate. Duncan Park has presented evidence indicating that it was not aware of all facts surrounding the work done before it made the payments to Dynatec. In other words, the voluntary payment doctrine does not apply because money may have been voluntarily paid as a result of a mistake of fact. *Randall*, 14 P. at 584. Although Duncan Park personnel was aware that some work done by Dynatec was inconsistent with industry standards, Duncan Park was not aware of the extent to which Dynatec's work allegedly fell below industry standards. (Def.'s Opp'n to Mot. for Summ. J. (# 40), Ex. A at 32:25-45:24, Ex. E, Ex. F.) At the very least, the question of whether Duncan Park made a mistake of fact when it made payments to Dynatec is a question of fact precluding summary judgment.

IT IS THEREFORE ORDERED that Dynatec Drilling, Inc.'s Motion for Summary Judgment (# 36) is hereby DENIED.

IT IS FURTHER ORDERED that the parties shall have thirty (30) days within which to file with the court a proposed written joint pretrial order.

IT IS SO ORDERED.

DATED this 5th day of April, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4